UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM LEE GRANT, II, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2969-NAB |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff William Lee Grant, II seeks leave to proceed in forma pauperis in this civil action against the Central Intelligence Agency ("CIA") and Special Collection Service. After a review of plaintiff's financial affidavit, the Court will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. However, for the reasons set forth below, the Court will dismiss his complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

## The Complaint

This action is similar to two separate actions plaintiff has filed in this Court and actions plaintiff has filed across the country since 2017.[1] Plaintiff alleges a vast conspiracy in which he names the CIA and the Special Collection Service as defendants. Plaintiff asserts constitutional violations under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments of the United States Constitution. He writes: "The Office of the Secretary of Defense created Mr. Grant in the basement of the pentagon in 1990. The Office of the Secretary of Defense used joint special operations command lawyers to engineer Mr. Grant's life to give cause." He then states that the secretary of defense dropped him off with two individuals in Springfield, Illinois to endure abuse and "to be the U.S. Department of Defense's witness to the 9/11 terrorist attacks."

---

[1] This case is one of three similar cases plaintiff has filed in this Court since October. A search of other district courts yielded more than 130 cases filed by plaintiff, many of which were filed in Illinois where he currently lives. *See, e.g., Grant, II v. U.S. Dept. of Defense et al.*, Case No. 3:19-cv-00979 (S.D. Ill. 2019); *Grant v. U.S. Dept. of Defense*, Case No. 3:19-cv-00332 (S.D. Ill. 2019); *Grant v. Office of the Illinois Governor*, Case No. 3:19-cv-03025 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03020 (C.D. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03016 (C.D. Ill. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03019 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03018 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03017 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03015 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03014 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03001 (C.D. 2019); *Grant v. US Department of Defense*, Case No. 3:18-cv-03189 (C.D. Ill. 2018); *Grant v. US Department of Defense*, Case No. 3:18-cv-03131 (C.D. Ill. 2019); *Grant v. US Department of Transportation et al.*, Case No. 3:18-cv-03130 (C.D. Ill. 2018); *Grant v. Office of the Illinois Governor*, Case No. 3:18-cv-03073 (C.D. Ill. 2018); *Grant v. Illinois Department of Employment Security*, Case No. 3:18-cv-03054 (C.D. Ill. 2018); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03302 (C.D. Ill. 2017); *Grant v. U.S. Department of Justice*, Case No. 3:17-cv-03274 (C.D. Ill. 2017); *Grant, II v. U.S. Department of Justice*, Case No. 3:17-cv-01257 (S.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03261 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03257 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 1:17-cv-07092 (N.D. Ill. 2017); *Grant v. Illinois Department of Employment Security;* Case No. 3:17-cv-03207 (C.D. Ill. 2017); *Grant v. State of Illinois*, Case No. 3:17-cv-03206 (C.D. Ill. 2017); *Grant v. Illinois Department of Transportation;* Case No. 3:17-cv-03203 (C.D. Ill. 2017).

Plaintiff then sets forth twelve pages of bare allegations in non sequitur form. For example, he states that certain people directed plaintiff's dentists and orthodontist to drill the enamel off his teeth, and directed his optometrist to give him lenses with an incorrect prescription. Plaintiff was forced to stab someone, he was forced to "act gay" for seven years to prevent the Office of the Secretary from sending someone to rape him, and he was framed for driving under the influence. He alleges he was illegally surveilled by the U.S. Attorney's Office for the District of Central Illinois. Plaintiff also asserts that he worked for the State of Illinois, but his employment was fraught with difficulties and ended in him "blacklisted." He states he was sexually assaulted by several people at the direction of a government official. Plaintiff also alleges a variety of celebrity and international conspiracy theories, and speculates about personal details of some public figures. He seeks $99 trillion in damages.

## Discussion

Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court concludes that the allegations are clearly baseless as defined in *Denton*. Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of November, 2019.

*[signature]*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE